NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOUSHBY MAJAGAH,<br><br>                        Plaintiff,<br><br>     v.<br><br>AIG PROPERTY CASUALTY INSURANCE AGENCY, INC. a/k/a AIG a/k/a AIG PRIVATE CLIENT GROUP a/k/a/ CHARTIS PROPERTY CASUALTY CO., et al,<br><br>                       Defendants. | Civil Action No. 15-cv-06178-SDW-SCM<br><br><br>**OPINION**<br><br><br>February 8, 2016 |

**WIGENTON,** District Judge.

Before this Court is Defendant AIG Property Casualty Insurance Agency, Inc. a/k/a AIG a/k/a AIG Private Client Group a/k/a Chartis Property Casualty Co.'s ("Defendant") Motion to Dismiss Plaintiff Koushby Majagah's ("Plaintiff") Complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for failure to state a claim upon which relief can be granted. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

1

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## II. BACKGROUND

On or around May 11, 2013, frozen pipes burst in Plaintiff Koushby Majagah's Wayne, New Jersey home. Compl. ¶ 8. Plaintiff submitted a claim to Defendant, Plaintiff's insurer, seeking compensation for water damage under Plaintiff's homeowner insurance policy (the "policy") approximately three months later, on or around August 18, 2013. *Id.* at ¶ 11.[1] Defendant denied coverage of Plaintiff's water damage claim in a letter dated October 14, 2013. *Id.* at ¶ 12; Def.'s Mot. Dismiss Ex. B. According to the October 2013 letter, Plaintiff's water damage claim was "not covered under [Defendant's] policy . . . . due to a lack of maintenance in maintaining heat to the property." Def.'s Mot. Dismiss Ex. B. Additionally, after Plaintiff requested further review of his claim for water damage, Defendant once again denied the claim in a letter dated May 15, 2014, which stated "[n]o further payments will be made on this claim." Def.'s Mot. Dismiss Ex. D.

On July 6, 2015, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey, Law Division, Passaic County; seeking declaratory judgment, damages, costs, and fees. (Dkt. No. 1-1.) Defendant then removed the matter to the U.S. District Court for the District of New Jersey on August 13, 2015 (Dkt. No. 1), and filed a Motion to Dismiss Plaintiff's Complaint on November 18, 2015. *See generally* Def's Mot. Dismiss.

---

[1] Plaintiff's insurance claim also included a claim for damage to his home as a result of vandalism. (*See* Compl. ¶ 11.) That portion of Plaintiff's insurance claim is not relevant to this Court's consideration of Defendant's Motion to Dismiss.

Defendant now seeks dismissal of Plaintiff's Complaint as untimely under the terms of Plaintiff's insurance policy. *Id*. Specifically, Defendant relies on the following policy provision (the "limitation provision"):

> **PART IV – CONDITIONS** . . . .
>
> **L.** Legal Action Against Us . . . .
>
> You also agree to bring any action against us within one year after a loss occurs, but not until thirty (30) days after proof of loss has been filed and the amount of loss has been determined.

Def.'s Br. Supp. Mot. Dismiss ("Def.'s Br. Supp.") 4-8; *see* Def.'s Mot. Dismiss Ex. C.

According to Defendant, this provision required Plaintiff to file his suit within one year of the date on which Defendant denied Plaintiff's water damage claim. Def.'s Br. Supp. 7. Thus, Defendant avers, Plaintiff's suit was time-barred as of October 14, 2014 (one year after Plaintiff's claim was initially denied), or, at the latest, on May 15, 2015 (one year after Plaintiff's claim was denied for the second time). *Id*.

In opposition, Plaintiff argues that he timely filed his Complaint under the terms of the limitation provision. Pl.'s Br. Opp. Def.'s Mot. Dismiss. ("Pl.'s Br. Opp.") 3-6. According to Plaintiff, the limitation provision's second clause (". . . but not until thirty (30) days after proof of loss has been filed and the amount of loss has been determined") is ambiguous. *Id*. As such, Plaintiff argues, he reasonably read the limitation provision's second clause to mean he could not file suit until the repairs from the water damage were essentially complete since "the amount of loss" could not have been "determined" until that point. *Id.* at 5.

In addition, Plaintiff argues that both the October 2013 and May 2014 letters failed to unambiguously deny coverage of Plaintiff's water damage claim and, thus, the limitations provision should be equitably tolled. *Id*. at 6-8

3

Therefore, in light of the parties' contentions, the issue before this Court is whether Plaintiff's claim is time-barred under the limitation provision in Plaintiff's homeowner insurance policy.

### III. LEGAL STANDARD

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## IV.   DISCUSSION

Plaintiff's homeowner insurance policy is an enforceable agreement governed by contract principles. *See, e.g.*, *Stanbery v. Aetna Life Ins. Co.*, 26 N.J. Super. 498, 501 (Law. Div. 1953). As parties to the policy, Plaintiff and Defendant were allowed, under New Jersey law, to modify the limitation period for any lawsuits brought for violations of the policy. *James v. Federal Ins. Co.,* 5 N.J. 21, 24 (1950). Thus, the issue before this Court is whether Plaintiff's suit was timely filed under the terms of the policy's limitation provision.

The parties are in agreement that the policy's limitation provision required Plaintiff to file suit against Defendant within one year of when the "loss occur[red]." Def.'s Br. Supp. 3; Pl.'s Br. Opp. 4. In addition, the parties agree that the one-year limitation was tolled for a period of time. Def.'s Br. Supp. 4; Pl.'s Br. Opp. 5. The parties disagree, however, as to the date on which the tolling ended. Def.'s Br. Supp. 4; Pl.'s Br. Opp. 5. According to Defendant, the one-year limitation was tolled until, at the latest, May 15, 2014; the day on which Defendant denied Plaintiff's water damage claim for the second time. Def.'s Br. Supp. 4. If the tolling ended on May 15, 2014; the limitation provision required Plaintiff to file suit within one year of that date, several months before Plaintiff commenced this action on July 6, 2015. (Dkt. No. 1-1.)

In contrast, Plaintiff argues his suit was timely filed under the limitation provision's second clause: "but not until thirty (30) days after proof of loss has been filed and the amount of loss has been determined." Pl.'s Br. Opp. 5. Although Plaintiff concedes that he filed the "proof of loss" on or around August 18, 2013, he disputes the date on which the loss was "determined." *See* Pl.'s Br. Opp. 5. Defendant argues that the loss was determined, at the latest, on May 15, 2014; the date

of the second denial letter. Def.'s Br. Supp. 4. Plaintiff, on the other hand, argues that since he is "just now finishing up the repairs to the property . . . . [t]he amount of loss is just now being 'determined.'" Pl.'s Br. Opp. 3. Accordingly, this Court must look to the terms of the policy's limitation provision to identify when the loss was "determined" and, thus, whether Plaintiff's claim was timely filed.

As Plaintiff points out, where there are two reasonable interpretations of a provision in an insurance policy, "the doctrine of reasonable expectations . . . permit[s] a construction that favors [the] expectations of an insured." *Argent v. Brady*, 386 N.J. Super. 343, 351 (App. Div. 2006) (citing *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 482 (1961)). However, this Court does not find the limitation provision to be ambiguous, and even if it did, Plaintiff's construction of the provision is unreasonable.

Although the policy does not define when "the amount of loss has been determined," the only reasonable interpretation is that the loss has been determined at the point when "the insurance company has made an offer to settle or has denied the claim." *See Erlichman v. Encompass Ins. Co.*, 791 N.Y.S.2d 869 (Sup. Ct. 2004); *see also Secord v. Chartis Inc.*, No. 09 CIV. 9934 SAS FM, 2011 WL 814743, at *3 (S.D.N.Y. Mar. 7, 2011). This understanding of the limitation provision is reasonable insofar as it provides Defendant with an opportunity to determine the amount of any covered loss to the insured before a lawsuit may be filed, while also allowing the insured a full twelve months in which he or she could file a lawsuit. *See Erlichman*, 791 N.Y.S.2d 869; *Peloso v. Hartford Fire Ins. Co.*, 56 N.J. 514, 520 (1970). Plaintiff's construction of the provision, in contrast, would give Plaintiff complete control over when a loss is "determined" since it would depend on the pace at which Plaintiff completed the repairs.

Accordingly, the loss from the water damage to Plaintiff's home was determined, at the latest, on the date when Defendant denied Plaintiff's claim for the second time. In other words, as of May 15, 2014, Defendant determined the amount of loss for Plaintiff's water damage (i.e., the amount of covered loss) to be $0. As such, this Court finds that Plaintiff's claim expired under the terms of the limitation provision before July 6, 2015 (the date on which Plaintiff filed his Complaint), and Plaintiff's Complaint must, therefore, be dismissed.[2]

Furthermore, Plaintiff's argument that the limitation period should be equitably tolled is without merit as Plaintiff's letters unambiguously declined coverage of Plaintiff's water damage claim. *See, e.g.*, *Peloso*, 56 N.J. at 521 (1970). As such, there is no basis on which Plaintiff's claim can avoid the parameters of the limitation provision to which he agreed.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:   Clerk

---

[2] This Court also notes that Defendant's reliance on the October 2013 and May 2014 denial letters in support of its Motion to Dismiss did not require this Court to convert the Defendant's Motion to a summary judgment motion because the letters were both integral to Plaintiff's Complaint. *See Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."); *Mallon v. Trover Sols., Inc.*, No. CIV.A. 11-326, 2014 WL 2532404, at *3 (E.D. Pa. June 4, 2014) *aff'd*, 613 F. App'x 142 (3d Cir. 2015) ("when considering a motion to dismiss, the district court may consider documents that are attached to the complaint as well as 'undisputedly authentic document[s] that a defendant attaches as ... exhibit[s] to a motion to dismiss if the plaintiff's claims are based on th[ose] document[s].'" (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993))).

cc:        Steven C. Mannion, U.S.M.J.
           Parties

8